UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ERIC DOCKETT, #193688**

    Petitioner,

                                   Civil No: 06-CV-12321
                                   Honorable George Caram Steeh

v.

**SHERRY BURT**,

    Respondent.
_____

**OPINION & ORDER GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT & DISMISSING HABEAS PETITION**

**I. Introduction**

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of second-degree murder, armed robbery and felony firearm. He was sentenced to two life sentences to run concurrently with a mandatory two year term of imprisonment for the felony firearm conviction. Petitioner raises the following issues: (1) whether he received effective assistance of appellate counsel; (2) whether he was properly charged in light of his absence from the arraignment; and (3) whether he was properly arraigned.

Respondent filed a summary judgment motion asserting that Petitioner's claims should be dismissed as his habeas petition was filed beyond the statutory period of limitations. Petitioner filed a responsive pleading without addressing the statute of limitations issue. For the reasons set forth below, the Court grants Respondent's summary judgment motion and dismisses Petitioner's habeas petition as barred by the statue of limitations.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000), quoting Fed R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

## III. Discussion

### A. Statutory Period of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. §2244(d)(1).[1] However, the AEDPA is not applicable in this case because Petitioner's date of conviction was on April 27, 1988, prior to the enactment of the AEDPA which was on April 24, 1996. Because enactment of the AEDPA could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from the enactment of the AEDPA on April 24, 1996. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999). As a result,

---

[1]The statutory period of limitations begins to run from the latest of the following dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1).

a petitioner whose conviction became final prior to the effective date of the AEDPA had until April 24, 1997 to file his petition. *Payton v. Brigano,* 256 F.3d 405, 407 (6th Cir. 2001); 28 U.S.C. §2244(d)(1)

### B. Timing of Petitioner's Filings & Petitioner's Argument

In this case, Petitioner does not dispute the filing chronology relative to his pleadings, nor when trial and appellate orders were issued, which succinctly is as follows:

- Petitioner was convicted on April 27, 1988.

- Petitioner filed two motions for relief from judgment; and the trial court denied them on October 20, 1993 and March 8, 1995, respectively.

- Petitioner filed an application for leave to appeal with the Michigan Court of Appeals which was denied.

- Petitioner did not appeal this decision; and filed no other pleading relative to this matter before the expiration of the statute of limitations period, April 24, 1997.

- Petitioner filed another motion for relief from judgment on January 24, 2005 with the trial court.[2]

- Petitioner filed an application for leave to appeal with the Michigan Court of Appeals which was denied. *People v. Dockett,* No: 260886 (Mich. App. September 21, 2005).

- Petitioner filed an application for leave to appeal with the Michigan Supreme Court which was denied. *People v. Dockett,* 474 Mich. 1124; 712 N.W.2d 464 (Table) Mich. Sup. Ct. No. 129902 (April 28, 2006).

---

[2]It appears that Petitioner filed a motion for relief from judgment with the trial court in December 2001, but the record is not clear relative to the disposition of that motion. In any event, the motion was filed after April 24, 1997.

3

● Petitioner signed his petition for habeas relief on May 15, 2006.

Petitioner does not address any of the statute of limitations issues in his responsive pleading. Rather, Petitioner discusses substantive, legislative and public interest issues that are completely unrelated to salvaging the viability of Petitioner's habeas petition from being dismissed on statutory limitations grounds. Although, Petitioner has not addressed the time bar issues, the Court will briefly analyze two points and determine their applicability.

**C. Motions for Relief from Judgment**

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. 28 U.S.C. §2244(d)(2). An application is "properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). Although Petitioner filed several post-judgment motions, they were not filed within the period of limitations. The Petitioner's first and second post-judgment motions were decided on October 20, 1993 and March 8, 1995, before the effective date of the AEDPA. However, those motions cannot toll the statute of limitations because they were decided before the start of the one-year grace period of the AEDPA.

Petitioner did not file his subsequent motions for relief from judgment until December 2001 and January 2005, well after the expiration of the grace period on April 24, 1997. The one-year limitations period had expired before Petitioner sought state post-conviction review following the enactment o the AEDPA. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. See *Hargrove v. Brigano,* 300 F.3d 717, 718 n.1 (6th Cir. 2002). Petitioner's state post-conviction

proceedings initiated in 2001 and 2005 could not revive the period of limitations. The AEDPA's limitations period does not begin to run after the completion of state post-conviction proceedings. See *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001). Thus, Petitioner's habeas petition, signed on May 15, 2006 is untimely.

### D. Equitable Tolling

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. See *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* "The petitioner bears the burden of establishing that he is entitled to equitable tolling" *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner has failed to present any arguments in support of invoking the doctrine of equitable tolling under these circumstances. Since Petitioner bears the onus of proving the applicability of equitable tolling, the Court finds that he has failed to meet that burden.

### IV. Conclusion

Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment [Doc. 8-1, filed November 30, 2006] is **GRANTED**.

5

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus [Doc. 1-1, filed May 23, 2006] is DENIED and DISMISSED WITH PREJUDICE.

Dated: September 12, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 12, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk