**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ERIC DOCKETT, #193688**

    Petitioner,

                                         Civil No: 06-CV-12321
                                         Honorable George Caram Steeh

v.

**SHERRY BURT**,

    Respondent.

_____

**OPINION & ORDER DENYING PETITIONER'S**
**MOTION TO ALTER OR AMEND SUMMARY JUDGMENT**
**DISMISSING HABEAS PETITION**

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of second-degree murder, armed robbery and felony firearm. He was sentenced to two life sentences to run concurrently with a mandatory two year term of imprisonment for the felony firearm conviction. On September 12, 2007, Petitioner's request for habeas relief was denied because the petition was time barred. Pending before the Court is Petitioner's "Rule 59(e) Motion to Alter or Amend Summary Judgment Dismissing Habeas Petition." For the reasons set forth below, the Court will deny the motion.

**I. STANDARD OF REVIEW**

The disposition of a motion to alter or amend a judgment, filed pursuant to Federal Rule of Civil Procedure 59(e), is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States,* 940 F.Supp. 1139, 1140 (W.D. Mich. 1996), citing, *Huff v. Metropolitan Life Insurance Company,* 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arise:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc., v. Ford Motor Company,* 175 F.R.D. 251, 254 (E.D. Mich. 1997), citing *Keweenaw Bay Indian Community v. United States,* 940 F.Supp. at 1141. "Such motions, however, are 'not intended' as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.* quoting *Keweenaw Bay Indian Community v. United States,* 940 F.Supp. at 1141.

## II. DISCUSSION

In this case, the habeas petition was dismissed due to Petitioner's failure to comply with the applicable statute of limitations pursuant to 28 U.S.C. §2244(d)(1). Petitioner does not dispute that his habeas petition was filed untimely. Rather, he argues that despite filing his petition beyond the statute of limitations period, this matter should still be heard by the Court on the merits because there is a "jurisdictional defect," "subject matter claims" exist, and "questions of subject matter jurisdiction must be investigated." (Mot. at 1-2). He further claims the following:

> There are very few exceptions to the statute of limitation that will allow equitable tolling., However, the tolling statute does not apply to void judgment[s], surely jurisdictional claims beg[ ] presentment of the law, for th[at] is not exclusive, but inclusive t[o] the refinement of its citizen['s] substantive rights.
>
> * * *
>
> [T]he exception in 28 U.S.C. 2244(d)(1)(B) - simply make the writ available to address later [arising] circumstances, such as subject matter claims and jurisdictional defects . . . [to] ensure that state post conviction review will be allowed to proceed on course, without these exceptions, a petitioner could inappropriately be denied the writ altogether, "risking injury to an important interest in human liberty."

*Id.* at 3 (internal quotations omitted). Finally, Petitioner states that the Court omitted Petitioner's subject matter jurisdiction claim when listing his habeas issues within the text of the Court's opinion and order.

None of the arguments advanced by Petitioner in support of his "Rule 59(e) Motion to Alter or Amend Summary Judgment Dismissing Habeas Petition" satisfy the standards under which Rule 59(e) motions may be granted. Petitioner does not argue that an intervening change in the law requires that the court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted - that evidence not previously available suddenly has become available. Thus, Petitioner has failed to show entitlement to relief under Rule 59(e).

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Petitioner's "Rule 59(e) Motion to Alter or Amend Summary Judgment Dismissing Habeas Petition" [Dkt. #29] is **DENIED**.


Dated: July 21, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 21, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---