# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ERIC DOCKETT, #193688**

    **Petitioner,**

                                  Civil No: 06-CV-12321
                                  Honorable George Caram Steeh

**v.**

**SHERRY BURT**,

    **Respondent.**

_____/

## OPINION & ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND DENYING HIS APPLICATION TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

The Court dismissed Petitioner's application for writ of habeas corpus which was filed pursuant to 28 U.S.C. §2254. The Court determined that Petitioner's habeas application was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations set forth under 28 U.S.C. 2244(d)(1). Petitioner subsequently filed a motion to alter or amend the Court's judgment in dismissing this matter which was denied. Pending before the Court are Petitioner's notice of appeal, motion for certificate of appealability, and an application to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Petitioner acknowledges that the Court was correct in its determination that he exceeded the statute of limitations in which to file a timely habeas petition. However, Petitioner asserts that the statute of limitations is not applicable in this case due to the jurisdictional nature of his habeas claims. (Mot. at 1-2). Petitioner states that the Court ignored federal precedent by dismissing his

petition because jurisdiction defects can be raised any time and are not subject to summary dismissal. *Id.*

## II. STANDARD

> [A] prisoner seeking post-conviction relief under 28 U.S.C. §2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability].

*Miller-El v. Cockrell,* 53 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of [a] constitutional right." 28 U.S.C. 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court may be taken. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, this result will only be proper, if the petitioner shows that jurists of reason would find it debateable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists of reason would find it debateable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a case, no appeal is warranted. *Id.*

## III. DISCUSSION

### A. Certificate of Appealability

Upon review of this matter, the Court finds that Petitioner has failed to show that the issues raised in support of his request for habeas relief warrant the issuance of a certificate of appealability. The Court will deny Petitioner's request for a certificate of appealability because

2

reasonable jurists would not find it debateable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson,* 185 F.Supp. 2d 747, 753 (E.D. Mich. 2002). Furthermore, the doctrine of equitable tolling was deemed inapplicable in this case as set forth in the opinion and order denying habeas relief. Whether such a doctrine should be applied to a petitioner's habeas application is also not reasonably debateable. Petitioner's procedural default, therefore prevents he and the Court from addressing his constitutional claims. Addressing Petitioner's claim that the statutory period is inapplicable in habeas cases where jurisdictional issues are raised, Petitioner fails to provide any legal support for such a theory. Two of Petitioner's claims involve alleged errors surrounding the circumstances of his arraignment. Even if Petitioner's theory was correct and the Court reviewed the merits of his jurisdictional claims, habeas relief would not be granted. "A determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976). It is well established that habeas review does not extend to questions of state law. See *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") Petitioner's jurisdictional claims would, therefore, not have been cognizable on habeas review. Consequently, the Court finds that the procedural issues discussed nor the underlying substantive constitutional claims are certifiable for appeal.

### B. Proceeding *In Forma Pauperis*

Although the Court will deny a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* is lower than the standard for certificates of appealability. See *Foster v. Ludwick,* 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). Whereas a

3

certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right or when reasonable jurists could find the court's procedural ruling debatable, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. §1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; and it does not require a showing of probable success on the merits. *Foster,* 208 F.Supp.2d at 765. Since Petitioner's habeas petition was filed several years beyond the statutory period and Petitioner has failed to present any arguments in support of invoking the doctrine of equitable tolling under these circumstances, the Court finds that an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. §1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997. Therefore, Petitioner is not certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. §1915(a)(3).

## IV. CONCLUSION

**IT IS ORDERED** that Petitioner's Notice of Appeal [Doc. # 31, filed August 21, 2008] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability [Doc. # 33, filed August 21, 2008] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. # 32, filed August 21, 2008] is **DENIED**.

Dated: October 15, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 15, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk